IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CT-3175-FL

| | |
|---|---|
| RICKY BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANGELO WIGGINS, DOMANICK D. SMITH, MICHELE SMITH HUNTER, DR. MARY RICHARDSON, PAULA SMITH, OLUSHOLA METIKO, DR. UMESI, OFFICER EVANS, RACHAEL ELEY, NURSE RICHARDSON, NURSE HUX, NURSE MOSS, NURSE BAILEY, NURSE CLARK, NURSE ROE, KAREN HEDGEPETH, NURSE BROWN, NURSE KATHE, NURSE AUDRY, NURSE SIMMONS, NURSE McCALL, NURSE DAVIS, NURSE PADEIA, NURSE SANDERS, TRUDEAU NICHOLS, NURSE MAUMA, NURSE GRIMES, BRANDI ROWLEY, NURSE COLLINS, LESLIE MOSLEY, NURSE GRIFFIN, NURSE SOULES, NURSE HARDISON, DENTIST ASST. LEE, DENTIST ASST. RILEY, NURSE LAUORY, CHANSON A. DeVAUL, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ORDER |
| Defendants.[1] | ) |

This matter is before the court on certain defendants' motions to dismiss and for summary judgment (DE 72, 79, 104, 140, 160, 169). Also pending are the following motions by plaintiff:

---

[1] Defendant Joseph Umesi was improperly identified in the amended complaint as Dr. Umenshi. (Am. Compl. 7); (Defs.' Mem. (DE 141) ¶ 1). Defendant Karen Hedgepeth was improperly identified in the amended complaint as Nurse Hedgepath. (Am. Compl. 8); (Defs.' Mem. (DE 161) ¶ 1). Defendant Trudeau Nichols was improperly identified in the amended complaint as Nurse Nicholson. (Am. Compl. 9); (Defs.' Mem. (DE 161) ¶ 1). Defendant Brandi Rowley was improperly identified in the amended complaint as Nurse Roley. (Am. Compl. 10); (Defs.' Mem. (DE 161) ¶ 1). Defendant Leslie Mosley was improperly identified in the amended complaint as Nurse Mosely. (Am. Compl. 10); (Defs.' Mem. (DE 161) ¶ 1). The clerk of court is directed to amend the docket caption to reflect such changes, which have already been made to the caption of this order.

against summary judgment (DE 97); to investigate for perjury (DE 110, 111, 118, 119, 120); to amend complaint (DE 138, 145, 146); for an entry of default and for default judgment (DE 174, 181, 199); to dismiss (DE 176); plaintiff's motion to withdrawal motion to dismiss (DE 182); plaintiff's motion to cease and stop a transfer (DE 197); plaintiff's motion for a declaratory judgment (DE 198).

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, filed this civil rights action on July 15, 2016, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights and rights under the Americans with Disabilities Act. On August 15, 2016, the court ordered plaintiff to particularize his complaint. Plaintiff filed a particularized complaint on August 24, 2016, which he amended on March 20, 2017.

Before the court are defendants' motions for dismissal on various grounds. In particular, on April 17, 2017, defendant Dr. Mary Richardson ("Richardson") filed the instant motion to dismiss for failure to state a claim. Dr. Olushola Metiko ("Metiko") filed the instant motion on June 7, 2017, seeking dismissal for failure to state a claim and asserting the doctrine of qualified immunity. Defendants Dr. Chanson A. DeVaul ("DeVaul") and Dr. Umesi ("Umesi") filed the instant motion on August 11, 2017, seeking dismissal for failure to state a claim and qualified immunity. Defendants Nurse Bailey ("Bailey"), Nurse Collins ("Collins"), Racheal Eley ("Eley"), Officer Evans ("Evans"), Nurse Grimes ("Grimes"), Nurse Hardison ("Hardison"), Karen Hedgepeth ("Hedgepeth"), Nurse Hux ("Hux"), Dentist Asst. Lee ("Lee"), Leslie Mosley ("Mosley"), Trudeau Nichols ("Nichols"), Dentist Asst. Riley ("Riley"), Brandi Rowley ("Rowley"), and Nurse Sanders ("Sanders") filed the instant motion on September 19, 2017, seeking dismissal for failure to state a claim and asserting both sovereign and qualified immunity. Defendant Nurse Moss ("Moss")

2

filed the instant motion on October 13, 2017, seeking dismissal for failure to state a claim and for lack of jurisdiction on the theory of qualified immunity.

All of those defendants, except Richardson, also moved for summary judgment on the basis of plaintiff's failure to exhaust his administrative remedies, in conjunction with their motions to dismiss, asserting that plaintiff did not exhaust the administrative grievance process before he filed suit on July 15, 2016. In addition, defendants Domanick Smith, Paula Smith, Michele Smith Hunter ("Hunter"), and Angelo Wiggins ("Wiggins") filed the instant motion for summary judgment on the same basis on April 17, 2017.

In the meantime, plaintiff filed various motions now pending before the court. On May 26, 2017, plaintiff filed a motion against defendants' motions for summary judgment. On June 9, 2017, June 12, 2017, and June 28, 2017, plaintiff filed five motions to investigate defendants for perjury. On August 9, 2017, August 15, 2017, and August 21, 2017, plaintiff filed three motions to amend his particularized complaint. On October 16, 2017, plaintiff filed for an entry of default. On October 18, 2017, plaintiff filed a motion to dismiss as to defendant Moss. On October 25, 2017, plaintiff filed for default judgment as to defendant Moss. On October 26, 2017, plaintiff filed a motion to withdraw his motion to dismiss regarding defendant Moss. On November 8, 2017, plaintiff filed a motion to cease and stop a transfer to another facility. On November 13, 2017, plaintiff filed a motion for a declaratory judgment. On November 15, 2017, plaintiff filed a motion for a default judgment as to defendants Nurse Mauma ("Mauma"), Grimes, and Moss.

### STATEMENT OF THE FACTS

Except as otherwise noted below, the undisputed facts are as follows: plaintiff is a state prisoner in custody of the North Carolina Department of Public Safety. In his amended complaint, plaintiff alleges defendants Domanick Smith, Wiggins, Hunter, Evans, and Sanders violated the

3

Eighth Amendment and the Americans with Disabilities Act when he was denied access to his wheelchair for an eight day period and a sixty day period at Nash Correctional Institute. Specifically, plaintiff alleges defendant Evans refused to bring him his wheelchair and pushed him down the hallway while he was "screaming in pain." (Am. Comp. 12, 13). Plaintiff also alleges defendant Sanders took his wheelchair from him, which interrupted his eating, drinking, recreation, medical, and shower schedule. (Id. 12). Further, plaintiff alleges he was placed in segregation by defendant Wiggins which resulted in him being ". . . unable to eat, drink, do recreation[,] go get my mandatory medications or shower." (Id. 12).

Plaintiff also alleges "all of the defendants in the medical, dental and the UR board have denied my treatment and access to care for my very serious medical needs by not referring me to doctor specialists to do the necessary tests . . . and I have not been able to get my mandatory medications. . ." (Id. at 13). Specifically, plaintiff alleges that he did not receive insoles prescribed to him by defendant Umesi two years ago and that defendant DeVaul failed to see him to treat his medical ailments. (Id. at 14). As a result, plaintiff alleges he has endured pain and suffering. (Id.). As a remedy, plaintiff seeks damages and permanent ADA accommodations. (Id. 15). Additional facts regarding exhaustion will be set forth in the analysis below.

## DISCUSSION

A.  Plaintiff's Motions to Amend

Plaintiff filed three motions to amend his complaint. In his first motion, filed August 9, 2017, plaintiff seeks to add allegations against Nurse Garrett, Nurse Franklin, and Nurse Tyler, who are not named in the complaint, for denying him access to a specialist to treat his medical needs on August 4, 2017. In his second motion, filed August 15, 2017, plaintiff seeks to add allegations against "the medical and UR Board" and Nurse Ferrel, who also is not named in the complaint. In

4

his third motion, filed August 21, 2017, plaintiff seeks to add allegations against Nurse Cherry, who is not named in the complaint, for depriving plaintiff from receiving medical care and threatening to send him to segregation when he asked to see a podiatrist. Additionally, plaintiff asserts that Nurse Cherry is the defendant he identified in his second motion to amend on August 15, 2017, as Nurse Ferrel, and to disregard any allegations against "Nurse Ferrel."

In accordance with the court's order on October 6, 2016, where the court dismissed the claims against the unnamed members of the Utilization Review Board for failing to meet the minimum pleading standards, plaintiff's motion to amend (DE 145) to attempt to again add those same unnamed members of the Utilization Review Board is DENIED.

By contrast, for good cause shown, the other two motions to amend (DE 138, 146) are GRANTED. The court will deem the additional allegations asserted as part of those motions to amend as incorporated into plaintiff's particularized amended complaint. Because these motions to amend add new defendants and do not alter allegations against existing defendants, plaintiff need not serve existing defendants. However, plaintiff must serve the newly named defendants. And for the same reason, plaintiff's motions to amend do not render moot defendants' instant motions for failure to state a claim. The clerk of court is DIRECTED to proceed in accordance with standing order 14-SO-02 which governs service of process in state prisoner civil rights cases regarding the newly named defendants. In the event it become necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

Plaintiff likewise is warned that unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice. If plaintiff continues to make unnecessarily fragmented filings, the court will consider sanctions.

B.   Plaintiff's Motion for an Entry of Default

As an initial matter, the court accepts defendant Moss's answer as timely. Because the court has accepted Moss's answer as timely, plaintiff's motion for an entry of default is DENIED as moot.

C.   Plaintiff's Motions for Default Judgment

Plaintiff filed two motions for default judgment. Plaintiff's first motion for default judgment is a list of allegations regarding the integrity of parties to this action, all of whom have not been served. Because plaintiff's motion is frivolous and he has not obtained service on defendants, plaintiff's motion is DENIED.

Additionally, the record reflects plaintiff failed to make service on defendants Nurse Audry, Nurse Brown, Nurse Clark, Nurse Davis, Nurse Griffin, Nurse Kathe, Nurse Lauory, Nurse McCall, Nurse Padeia, Nurse Richardson, Nurse Roe, Nurse Simmons, and Nurse Soules, within the 90 day time period required by Federal Rule of Civil Procedure 4(m). The court has made every effort to aid plaintiff in accomplishing service on all defendants. See (DE 78, 127, 131). The court has no other method of ascertaining an address or otherwise assisting plaintiff in obtaining service on defendants. Based upon the foregoing, plaintiff is given 14 days to show cause as to why this action should not be dismissed without prejudice for failure to obtain service on defendants Nurse Audry, Nurse Brown, Nurse Clark, Nurse Davis, Nurse Griffin, Nurse Kathe, Nurse Lauory, Nurse McCall, Nurse Padeia, Nurse Richardson, Nurse Roe, Nurse Simmons, and Nurse Soules within the 90 day time period required by Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff's second motion for a default judgment involves defendant Mauma, who also has not been served, and defendants Grimes, Riley, and Moss, who, for the reasons stated below, are dismissed from this action. Therefore, plaintiff's second motion is DENIED. As for defendant Mauma, there is an address for service and thus, the United States Marshal is directed to serve the

6

summons and a copy of the complaint on the defendant at Supplemental Health Care Services.

D. Plaintiff's Motion for Declaratory Judgment

Plaintiff's motion for a declaratory judgment is a recitation of facts regarding his medical situation and therefore is DENIED as frivolous.

E. Plaintiff's Motion to Dismiss and Withdrawal Motion to Dismiss

Plaintiff's motion to withdrawal his motion to dismiss is GRANTED. Accordingly, plaintiff's motion to dismiss is DENIED as moot.

F. Plaintiff's Motions to Investigate for Perjury

Plaintiff's motions to investigate for perjury are disjointed and repetitive of his other pleadings. Thus, they are DENIED as frivolous.

G. Plaintiff's Motion to Cease and Stop Transfer

Plaintiff filed a motion to cease and stop transfer because of the quality of the rooms at the transfer location. The court construes this as a motion for a preliminary injunction. A court may grant a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff has not established that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Further, prisoners do not have the constitutional right to be incarcerated in any particular prison, jail, or confinement facility of any particular security level. See Meachum v. Fano, 427 U.S. 215, 223–24 (1976). Thus, the court DENIES the motion.

H.  Defendants' Motions to Dismiss for Failure to State a Claim

The court turns to defendants' motion to dismiss for failure to state a claim. Plaintiff's motions to amend, which resulted in the addition of four new defendants to the action, do not render moot defendants' instant motions for failure to state a claim.

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

2.  Analysis

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (1996). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). The first prong is objective–the prisoner must show that "the deprivation of [a] basic human need was *objectively* sufficiently serious." Id. (internal quotations omitted). In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999) (internal quotations omitted)).

The second prong is subjective–the prisoner must show that "*subjectively* the officials act[ed]

with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted). The mental state for "deliberate indifference entails something more than negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer, 511 U.S. at 837. Deliberate indifference is "a particularly high bar to recovery." Iko, 535 F.3d at 241. For medical care, "disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Negligence or malpractice in diagnosis or treatment are not exceptional circumstances. See id. at 849; Estelle v. Gamble, 429 U.S. 97, 105–06 (1976).

Plaintiff only makes specific allegations against defendants Sanders, Evans, DeVaul, and Umesi. (Am. Compl. 12, 14). Specifically, plaintiff alleges defendant Evans refused to bring him his wheelchair and pushed him down the hallway while he was "screaming in pain." (Id. 12, 13). Plaintiff alleges defendant Sanders took his wheelchair from him, which interrupted his eating, drinking, recreation, medical, and shower schedule. (Id. 12). Plaintiff also alleges that he never received the insoles prescribed two years ago to him by defendant Umesi. (Id. 14). Lastly, plaintiff alleges defendant DeVaul refused to see him for his medical needs. (Id.). Therefore, plaintiff states a viable claim against defendants Evans, Sanders, and DeVaul.

Plaintiff, however, does not state a viable claim against defendant Umesi. Negligence in treatment, such as failure to receive an insole prescription, does not amount to deliberate indifference under the Eighth Amendment. See Estelle, 429 U.S. at 105–06. Further, plaintiff does

not allege any intent associated with defendant Umesi as to why plaintiff did not receive his insoles, nor does plaintiff allege his failure to receive his insoles was a result of an action defendant Umesi made. See Farmer, 511 U.S. at 834–35. Thus, plaintiff's claims against defendants Evans, Sanders, and DeVaul may proceed, and plaintiff's claim against defendant Umesi is dismissed.

Additionally, plaintiff makes no specific allegations regarding defendants Bailey, Collins, Eley, Grimes, Hardison, Hedgepeth, Hux, Lee, Mosley, Nichols, Riley, Rowley, Richardson, Metiko, and Moss. Rather, plaintiff provides only bare assertions devoid of factual enhancement that all defendants in the medical, dental, and "UR Board" denied him treatment, and accordingly, plaintiff's claims against such defendants are dismissed.[2] See Nemet Chevrolet, Ltd., 591 F.3d at 255.

I. Motions for Summary Judgment

1. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted). Only disputes

---

[2] Accordingly, defendant Moss's instant motion to dismiss for lack of jurisdiction due to Eleventh Amendment immunity and sovereign immunity are DENIED as moot.

between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. To determine whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

2. Analysis

Of those defendants not dismissed for failure to state a claim, defendants DeVaul, Evans,

Sanders, Wiggins, Paula Smith, Domanick Smith, and Hunter raise the affirmative defense that plaintiff failed to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

In Ross, the Supreme Court emphasized the PLRA's "mandatory language" concerning exhaustion. Ross, 136 S. Ct. at 1856–57 (stating that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion"). Nevertheless, the Court identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Id. at 1859. First, an administrative remedy may be unavailable when "it operates as a simple dead end–with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. Second, a remedy might be "so opaque that it

13

becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it . . . [or] make sense of what it demands." Id. (citations omitted). Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860; see, e.g., Hill v. Haynes, 380 Fed. Appx. 268, 271–72 (4th Cir. 2010) (holding that plaintiff established the unavailability of administrative remedies by submitting an affidavit alleging with specificity that he was threatened by prison officials and not provided proper grievance forms).

Defendants Paula Smith, DeVaul, Evans, Sanders, Wiggins, Domanick Smith, and Hunter assert that plaintiff filed numerous grievances, but did not exhaust any grievances to Step-Three before he filed suit, and exhausted one grievance to Step Three, No. 310-20160-2CL-02060, on August 1, 2016, after he filed suit. (See Couch Aff., Ex. 1 (DE 82) at 15). Plaintiff asserts in his amended complaint that he did not exhaust his administrative remedies because he was punished and instructed not to write grievances by various prison officials, including defendant Domanick Smith, or "Sargent Smith," and two non-parties, Lieutenant Harris and "Mr. Sledge." (Id. at 15, 18). In support of summary judgment, non-parties Lieutenant Harris ("Harris") and Wendy Sledge ("Sledge"), as well as defendant Domanick Smith, assert in individual affidavits that they did not discourage plaintiff from filing grievances. (See Sledge Aff., Ex. 2 (DE 82) at 1–2; Harris Aff., Ex. 3 (DE 82) at 2; Domanick Smith Aff., Ex. 4 (DE 82) at 1–3)).

The burden thus shifts to plaintiff to demonstrate a genuine issue of fact as to exhaustion. In opposition to summary judgment plaintiff avers that the actions of prison officials at Nash hindered his ability to exhaust his administrative remedies. (See Pl.'s Rep. to Defs.' Mem. (DE 93) ¶¶ 2–4; Pl.'s Mem. (DE 95) ¶ 1; Pl.'s App. (DE 101) ¶ 28). Plaintiff asserts that he was threatened

14

and told to stop filing grievances, and that at least two grievances he submitted were withheld from the official grievance process, including a grievance submitted on February 10, 2015, regarding defendant Domanick Smith. (Pl.'s Rep. to Defs.' Mem. (DE 93) Ex. 1, at 9, 12; Pl.'s Mem. (DE 95) ¶¶ 1, 3). In support of his February 10, 2015, grievance allegation, plaintiff presents a copy of an answer from his tort action before the North Carolina Industrial Commission filed by defendant North Carolina Department of Public Safety, admitting that plaintiff submitted a grievance on February 10, 2015. (See Pl.'s Rep. to Defs.' Mem. (DE 93) Ex. 1, at 11). According to plaintiff's amended complaint, the excessive force incident on February 10, 2015, also involved defendants Wiggins, Evans, Hunter, and Sanders. (Am. Compl. 12–13).

Such assertions, read in context with the allegations in the complaint, are similar in specificity to those in Hill, raising a genuine issue of fact as to exhaustion with respect to claims against Domanick Smith, Wiggins, Evans, Hunter, and Sanders. Cf. Hill, 380 Fed. Appx. at 272–73. Grievances do not need to "name particular defendants in order to satisfy the PLRA's exhaustion requirements as against those defendants." Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008). Therefore, plaintiff exhausted his available administrative remedies as to defendants Domanick Smith, Wiggins, Evans, Hunter, and Sanders, and those defendants' motions for summary judgment are DENIED without prejudice to re-raise the issue on a more complete record.

However, plaintiff's claims against defendants Paula Smith and DeVaul are unrelated to the alleged February 10, 2015, grievance. In support of his claim that plaintiff's grievances were unavailable, plaintiff alleges other Unit managers and assistant Unit managers told him not to write grievances, and for fear of retaliation he does not wish to name them. (Pl.'s Mem. (DE 95) ¶ 3); (Pl.'s Rep. to Defs.' Mem. (DE 75) ¶ 9); see (Am. Compl. 15). Further, due to the "threat of punishment and transfer" plaintiff alleges he did not file grievances for a year, starting after

15

February 10, 2015. (Pl.'s Rep. to Defs.' Mem. (DE 93) 6); see (Pl.'s Mem. (DE 114) ¶ 3). Plaintiff also alleges that he exhausted other withheld grievances to Step-Three. (Pl.'s Reply (DE 109) 2).

Plaintiff's references to "retaliation" and other nondescript grievances fail to demonstrate that he is excused from complying with the PLRA's exhaustion requirements as to Paula Smith and DeVaul. See, e.g., Hill, 380 F. App'x at 270; Moore, 517 F.3d at 725–26. Further, plaintiff did file a grievance regarding defendant DeVaul. (Sledge Aff., Ex. 2 (DE 82) at 11). The late exhaustion of grievance No. 3710-2016-2CL-02060 regarding defendant DeVaul is insufficient to demonstrate compliance with the administrative remedy procedure. "[F]iling an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the exhaustion requirement. Woodford, 548 U.S. at 83–84. Thus, defendants Paula Smith's and DeVaul's motions for summary judgment are GRANTED. Accordingly, plaintiff's motion against summary judgment is DENIED as moot.

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1) Plaintiff's first and third motions to amend complaint (DE 138, 146) are GRANTED and plaintiff's second motion to amend complaint (DE 145) is DENIED. The clerk of court is DIRECTED to proceed in accordance with standing order 14-SO-02 which governs service of process in state prisoner civil rights cases as to newly-named defendants Nurse Garrett, Nurse Franklin, Nurse Tyler, and Nurse Cherry. In the event it become necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d);

2) Plaintiff's motion for an entry of default (DE 174) is DENIED as MOOT;

3) Plaintiff's motions for default judgment (DE 181, 199) are DENIED. Plaintiff is

given **14 days** to show cause as to why this action should not be dismissed without prejudice for failure to obtain service as to defendants Nurse Audry, Nurse Brown, Nurse Clark, Nurse Davis, Nurse Griffin, Nurse Kathe, Nurse Lauory, Nurse McCall, Nurse Padeia, Nurse Richardson, Nurse Roe, Nurse Simmons, and Nurse Soules;

4) The United States Marshal is DIRECTED to serve the summons and a copy of the complaint on defendant Mauma at Supplemental Health Care Services (DE 131);

5) Plaintiff's motion for a declaratory judgment (DE 198) and motion to cease and stop transfer (DE 197) are DENIED;

6) Plaintiff's motion to withdrawal motion to dismiss (DE 182) is GRANTED. Accordingly, plaintiff's motion to dismiss (DE 176) is DENIED as MOOT;

7) Plaintiff's motions to investigate for perjury (DE 110, 111, 118, 119, 120) are DENIED;

8) Motion to dismiss for failure to state a claim at DE 160 is GRANTED IN PART as to defendants Bailey, Collins, Eley, Grimes, Hardison, Hedgepeth, Hux, Lee, Mosley, Nichols, Riley, Rowley, and DENIED IN PART as to defendants Sanders and Evans;

9) Motion to dismiss for failure to state a claim at DE 140 is GRANTED IN PART as to defendant Umesi and is DENIED IN PART as to defendant DeVaul;

10) Motions to dismiss for failure to state a claim at DE 72, 104, and 169, are GRANTED. Thus, defendant Moss's motion to dismiss for lack of jurisdiction (DE 169) is DENIED as MOOT;

11) In light of disposition of motions to dismiss, motions for summary judgment for failure to exhaust under 42 U.S.C. 1997e(a), at DE 104, and 169 are DENIED as

MOOT. For the same reasons, plaintiff's motion against summary judgment (DE 97) is DENIED as MOOT;

12) Motion for summary judgment for failure to exhaust under 42 U.S.C. 1997e(a), at DE 79, is DENIED IN PART as to defendants Domanick Smith, Hunter, and Wiggins, and GRANTED IN PART as to defendant Paula Smith;

13) Motion for summary judgment for failure to exhaust under 42 U.S.C. 1997e(a), at DE 140, is DENIED IN PART as MOOT as to defendant Umesi and GRANTED IN PART as to defendant DeVaul;

14) Motion for summary judgment for failure to exhaust under 42 U.S.C. 1997e(a), at DE 160 is DENIED IN PART as MOOT as to defendants Bailey, Collins, Eley, Grimes, Hardison, Hedgepeth, Hux, Lee, Mosley, Nichols, Riley, Rowley, and DENIED IN PART as to defendants Sanders and Evans;

15) Defendant Dr. Umenshi now properly is identified as Joseph Umesi. Defendant Nurse Hedgepath now properly is identified as Karen Hedgepeth. Defendant Nurse Nicholson now properly is identified as Trudeau Nichols. Defendant Nurse Roley now properly is identified as Brandi Rowley. Defendant Nurse Mosely now properly is identified as Leslie Mosley. The clerk of court is directed to amend the court's caption to reflect such changes.

SO ORDERED, this the 5th day of December, 2017.

LOUISE W. FLANAGAN
United States District Judge