IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CT-3175-FL

| | |
|---|---|
| RICKY BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FRANK PERRY, ANGELO WIGGINS, DOMANICK D. SMITH, MICHELE SMITH HUNTER, DR. MARY RICHARDSON, ALL MEDICAL STAFF, ALL DENTAL STAFF, URL BOARD, PAULA SMITH, OLUSHOLA METIKO, DR. UMESI, OFFICER EVANS, RACHAEL ELEY, NURSE RICHARDSON, NURSE HUX, NURSE MOSS, NURSE BAILEY, NURSE CLARK, NURSE ROE, KAREN HEDGEPETH, NURSE BROWN, NURSE KATHE, NURSE AUDRY, NURSE SIMMONS, NURSE McCALL, NURSE DAVIS, NURSE PADEIA, NURSE SANDERS, TRUDEAU NICHOLS, DANETTE MUMAW, NURSE GRIMES, BRANDI ROWLEY, NURSE COLLINS, LESLIE MOSLEY, NURSE GRIFFIN, NURSE SOULES, NURSE HARDISON, DENTIST ASST. LEE, DENTIST ASST. RILEY, NURSE LAUORY, CHANSON A. DeVAUL, NURSE GARRETT, NURSE FRANKLIN, NURSE TYLER, and NURSE CHERRY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ORDER |
| Defendants.[1] | ) ) |

The matter is before the court on plaintiff's motions to amend (DE 207, 208, 209, 212, 225).

Also before the court is defendant Danette Mumaw's ("Mumaw") motion to dismiss (DE 219). The

---

[1] Defendant Danette Mumaw was improperly identified in the amended complaint as Nurse Mauma. (See Am. Compl. (DE 66) 2); (Def.'s Mot. Dismiss (DE 219) 1).

issues raised have been fully briefed and are ripe for adjudication. For the following reasons, plaintiff's motions to amend are denied and defendant's motion to dismiss is granted.

## STATEMENT OF THE CASE

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action on July 15, 2016, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights and rights under the Americans with Disabilities Act. From July 28, 2016, to January 22, 2018, plaintiff filed seventeen motions to amend his complaint, (DE 11, 12, 14, 15, 30, 31, 40, 41, 42, 138, 145, 146, 207, 208, 209, 212, 225). From August 15, 2016, to December 6, 2017, the court allowed plaintiff to amend his complaint five times. (DE 16, 34, 56, 58, 203).

From December 13, 2017, to January 22, 2018, plaintiff filed five new motions to amend his complaint. On December 13, 2017, plaintiff filed the first instant motion to amend his complaint adding new allegations against defendants who were dismissed in the court's December 6, 2017, order, and requesting the dismissal of defendants Nurse Franklin ("Franklin") and Nurse Tyler ("Tyler") from this action. On December 13, 2017, plaintiff filed the second instant motion to amend his complaint adding new allegations against dismissed defendants and asserting new medical claims. On December 14, 2017, plaintiff filed the third instant motion to amend his complaint requesting that the court add another defendant, Nurse Bullock, to his lawsuit, on an unrelated medical claim. On December 20, 2017, plaintiff filed the fourth instant motion to amend his complaint to add another defendant to this action, Nurse Thomas, for her medical treatment of plaintiff. On January 22, 2018, plaintiff filed the fifth instant motion to amend to add new allegations against defendant Mumaw alleging that she did not provide him an examination that he requested or his wheelchair on his hospital visit on February 10, 2015.

On December 18, 2017, defendant Mary Richardson responded in opposition to plaintiff's

2

second motion to amend stating that amendment would be prejudicial to her as a dismissed defendant to this action. On December 21, 2017, defendants Officer Evans, Nurse Sanders, Domanick D. Smith, Michele Smith Hunter, and Angelo Wiggins responded in opposition to plaintiff's first four motions to amend stating that they would be futile and prejudicial to them. On January 2, 2018, defendants Chanson Devaul, Olushola Metiko, and Joseph Umesi responded in opposition to plaintiff's first four motions to amend, similarly stating that plaintiff's amendment would be prejudicial to them.

On January 4, 2018, defendant Mumaw filed the instant motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, defendant Mumaw, argues that plaintiff does not state a claim against her because he does not allege any specific allegations against her. Plaintiff did not file a response to defendant Mumaw's motion.

## STATEMENT OF THE FACTS

Except as otherwise noted below, the undisputed facts are as follows: plaintiff is a state prisoner in custody of the North Carolina Department of Public Safety. In his amended complaint, plaintiff alleges defendants Domanick Smith, Wiggins, Hunter, Evans, and Sanders violated the Eighth Amendment and the Americans with Disabilities Act when he was denied access to his wheelchair for an eight day period and a sixty day period at Nash Correctional Institute. Specifically, plaintiff alleges defendant Evans refused to bring him his wheelchair and pushed him down the hallway while he was "screaming in pain." (Am. Comp. (DE 66) 12, 13). Plaintiff also alleges defendant Sanders took his wheelchair from him, which interrupted his eating, drinking, recreation, medical, and shower schedule. (Id. 12). Further, plaintiff alleges he was placed in segregation by defendant Wiggins which resulted in him being ". . . unable to eat, drink, do recreation[,] go get my mandatory medications or shower." (Id. 12).

3

Plaintiff also alleges "all of the defendants in the medical, dental and the UR board have denied my treatment and access to care for my very serious medical needs by not referring me to doctor specialists to do the necessary tests . . . and I have not been able to get my mandatory medications. . ." (Id. at 13). Specifically, plaintiff alleges that he did not receive insoles prescribed to him by defendant Umesi two years ago and that defendant DeVaul failed to see him to treat his medical ailments. (Id. at 14). As a result, plaintiff alleges he has endured pain and suffering. (Id.). As a remedy, plaintiff seeks damages and permanent ADA accommodations. (Id. 15).

Additionally, plaintiff alleges that defendants Nurse Garrett, Nurse Franklin ("Franklin"), and Nurse Tyler ("Tyler"), denied him a referral to a specialist to treat his medical needs. (Am. Compl. (138) 1). Plaintiff also alleges Nurse Cherry deprived him medical care by threatening to put him in segregation if he asked to see a podiatrist another time. (Am. Compl. (DE 146) 1).

## DISCUSSION

A. Plaintiff's Motions to Amend

A party may amend a pleading once as a matter of course within twenty-one days after service, or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with written consent of the opposing party or with leave of court. See id. 15(a)(2). A court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962).

In this case, plaintiff's amended allegations were made in bad faith and would be prejudicial to defendants. Plaintiff's current motions to amend do not add particularized or newly discovered

4

facts to the complaint; rather, they seek to add new allegations that plaintiff did not plead in his previous twelve motions to amend, over the past two years. Plaintiff also tries to add new allegations unrelated to his original claims. The court finds defendants would be prejudiced by plaintiff's amended allegations and that plaintiff acted in bad faith by filing repetitive motions changing the allegations in his amended complaint, upon facts which were available prior to plaintiff before filing his action. See Sandcrest Outpatient Servs., P.A. v. Cumberland Cty. Hosp. Sys., Inc., 853 F.2d 1139, 1149 (4th Cir. 1988). Thus, plaintiff's motions to amend are DENIED.[2]

Plaintiff is again warned that unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice. If plaintiff continues to make unnecessarily fragmented filings, as demonstrated here, the court will consider sanctions.

H. Defendant Mumau's Motions to Dismiss for Failure to State a Claim

1. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

---

[2] If plaintiff wishes to dismiss any defendants from his action, he may file a separate motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

2. Analysis

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (1996). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation

omitted). The first prong is objective–the prisoner must show that "the deprivation of [a] basic human need was *objectively* sufficiently serious." Id. (internal quotations omitted). In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999) (internal quotations omitted)).

The second prong is subjective–the prisoner must show that "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted). The mental state for "deliberate indifference entails something more than negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer, 511 U.S. at 837. Deliberate indifference is "a particularly high bar to recovery." Iko, 535 F.3d at 241. For medical care, "disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Negligence or malpractice in diagnosis or treatment are not exceptional circumstances. See id. at 849; Estelle v. Gamble, 429 U.S. 97, 105–06 (1976).

Plaintiff makes no specific allegations regarding defendant Mumaw. Rather, plaintiff provides only bare assertions devoid of factual enhancement that all defendants in the medical, dental, and "UR Board" denied him treatment, and accordingly, plaintiff's claim against defendant Mumaw is dismissed. See Nemet Chevrolet, Ltd., 591 F.3d at 255.

7

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1) Plaintiff's motions to amend complaint (DE 207, 208, 209, 212, 225) are DENIED;

2) Defendant Mumaw's motion to dismiss for failure to state a claim (DE 219) is GRANTED;

3) Defendant Nurse Mauma is now properly is identified as Danette Mumaw. The clerk of court is directed to amend the court's caption to reflect such changes.

SO ORDERED, this the 2nd day of February, 2018.

LOUISE W. FLANAGAN
United States District Judge